IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| ELIZABETH K. DALY,<br>    Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF VIRGINIA, *et al.*,<br>    Defendants, | Civil No. 3:14cv250 (HEH) |

## MEMORANDUM ORDER

This matter comes now before the Court for resolution of non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) on the Virginia Department of State Police's Motion to Quash Subpoenas *Duces Tecum* (ECF No. 38) in which the Virginia Department of State Police ("Department") objects to the disclosure of investigation reports and other documents relating to Plaintiff's arrest on the basis that executive privilege protects the documents. For the reasons stated herein, the Court DENIES the Department's motion and ORDERS production of the materials to Plaintiff's counsel by not later than noon on July 16, 2014.

## I. BACKGROUND

This suit arises from Plaintiff's April 11, 2013 arrest by agents of the Virginia Department of Alcoholic Beverage Control ("ABC") on felony charges following an incident in a Harris Teeter parking lot in which agents approached Plaintiff's car upon the mistaken belief that Plaintiff unlawfully possessed alcohol. (Compl. (ECF No. 1) ¶ 34.) After the charges against Plaintiff were *nolle prossed* following an investigation by the Commonwealth Attorney for the

City of Charlottesville, Plaintiff brought this suit against the Commonwealth of Virginia and the ABC agents pursuant to 42 U.S.C. § 1983. (Compl. ¶¶ 139-56).

Plaintiff issued a subpoena *duces tecum* pursuant to Federal Rule of Civil Procedure 45 for the Department seeking the production of documents relating to Plaintiff's April 11, 2013 arrest. In the subpoena, Plaintiff demanded the production of documents, including "[a]ll drafts and final versions of any investigative report, memorandum and/or findings of the Virginia State Police," "[a]ll interview notes and/or recordings (including pictures) of any person contacted by the Virginia State Police" and "[a]ll emails, letters or other documents between the Virginia State Police and the [ABC], any other person or state or local agency." (Department's Br. in Supp. of Mot. to Quash Subpoena *Duces Tecum* ("Department's Mem.") (ECF No. 39) at 1.)

Although the Department produced all documents for which it did not claim privilege, the Department moves to quash the subpoena over documents relating to the Department's investigation of the internal workings of the ABC, asserting executive privilege. (Department's Mem. at 2-6.) Plaintiff argues that executive privilege does not apply to the documents sought in this case. (Pl.'s Resp. to Def.'s Mot. to Quash and to Objections to Pl.'s Subpoena *Duces Tecum* by the Virginia State Police ("Pl.'s Resp.") (ECF No. 17) at 4-7.) After having reviewed the materials, the Court agrees with Plaintiff.

## II. STANDARD OF REVIEW

Trial courts have "wide latitude in controlling discovery and [] its rulings will not be overturned absent a showing of clear abuse of discretion." *Rowland v. Am. Gen. Fin., Inc.*, 340 F.3d 187, 195 (4th Cir. 2003). Federal Rule of Civil Procedure 26(b)(1) grants broad discovery of all relevant information that is "not privileged." Federal Rule of Civil Procedure 45(c) further provides that a court must quash a subpoena when it "requires disclosures of privileged or other

protected matter, if no exception or waiver applies; or [] subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(a)(iii)-(iv).

Executive privilege protects the government from the "disclosure of certain information whose disclosure would be contrary to the public interest," including "intra-governmental documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Castle v. Jallah*, 142 F.R.D. 618, 620-21 (E.D. Va. 1992) (quoting *Clark v. Township of Falls*, 124 F.R.D. 91, 92 (E.D. Pa. 1988)). However, "[e]xecutive privilege is an extraordinary assertion of power not be lightly invoked." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 389 (2004) (quoting *United States v. Reynolds*, 345 U.S. 1, 7 (1953)) (internal quotations omitted). Consequently, the Court must strictly construe the application of executive privilege and apply the privilege only when the public interest in protecting such evidence would "transcend the normally predominant principle of utilizing all rational means for ascertaining the truth." *Trammel v. United States*, 445 U.S. 40, 50 (1980). That is especially true in cases brought under § 1983, because of the public's interest in exposing civil rights violations. *King v. Conde*, 121 F.R.D. 180, 195 (E.D.N.Y. 1988); *Spell v. McDaniel*, 591 F. Supp. 1090, 1116 (E.D.N.C. 1984); *Wood v. Breir*, 54 F.R.D. 7, 10-11 (E.D. Wis. 1972).

Although the Fourth Circuit has not issued a published opinion on the factors to consider when determining if executive privilege applies, the Court has relied on the factors set forth in *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. 1973). *Cruz v. Bd. of Supervisors*, 983 F.2d 1055, 1993 WL 2667, at *2 (4th Cir. Jan. 27, 1993) (unpublished table decision). This Court has applied the same factors as well. *Johnson v. Rankin*, 2011 WL 5358056, at *1 (E.D. Va. Nov. 7, 2011); *Rhodienizer v. City of Richmond Police Dep't*, 2009 WL 3334744, at * 2 (E.D. Va. Oct.

14, 2009); *Castle,* 143 F.R.D. at 621. In *Frankenhauser*, the court established ten weighing factors for determining whether executive privilege mandates non-disclosure:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information;
>
> (2) the impact upon persons who have given information of having their identities disclosed;
>
> (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure;
>
> (4) whether the information sought is factual data or evaluative summary;
>
> (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question;
>
> (6) whether the police investigation has been completed;
>
> (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation;
>
> (8) whether the plaintiff's suit is non-frivolous and brought in good faith;
>
> (9) whether the information sought is available through other discovery or from other sources; and,
>
> (10) the importance of the information sought to the plaintiff's case.

59 F.R.D. at 344. The party invoking privilege bears the burden of demonstrating that the privilege applies. *Castle,* 142 F.R.D. at 620-21.

### III. DISCUSSION

The Department claims executive privilege over the documents relating to the Department's investigation of the ABC with respect to the events leading up to and including Plaintiff's arrest. (Department's Mem. at 3.) Specifically, the Department maintains that such documents contain confidential information, including confidential statements from law

4

enforcement officers and citizens. (Department's Mem. at 4.) The Department further argues that disclosing the confidential statements would impact "inter-departmental relationships" and would "thwart the Department's investigative process by discouraging citizens and law enforcement officers from providing" the candid information. (Department's Mem. at 4.)

In addressing the Department's arguments about protecting confidentiality of the statements given by officers and civilians, the Court notes that confidentiality did not serve as a precursor for agents, officers and civilians when providing their statements during the investigation. Further, some of the statements made during the course of the investigation came from Plaintiff herself. Therefore, because those providing information had no assurances of confidentiality when giving their statements, the Department's confidentiality argument lacks merit and this factor weighs in favor of disclosure.

In considering whether disclosure would chill the investigation process moving forward, Courts have been reluctant to find such an effect would occur. *See, e.g., Rhodenizer*, 2009 WL 3334744, at *3; *Frankhauser*, 59 F.R.D. at 343-44. And here, the Department has made no showing of how disclosure would thwart or chill the investigation process in the future. Thus, this factor weighs in favor of disclosure.

Further, the investigation at issue has concluded. Executive privilege of governmental investigation reports diminishes after the completion of the deliberative process of the investigation. *Rhodenizer*, 2009 WL 3334744, at *3; *Green v. Thalhimer's Dep't Store*, 93 F.R.D. 657, 659 (E.D.Va. 1982). Consequently, this factor also favors disclosure.

The nature of the materials — largely fact-based recitations of the events at issue — strongly weighs in favor of disclosure. Executive privilege rarely applies when the substance is factually based. *Castle*, 142 F.R.D. at 659; *Green*, 93 F.R.D. at 659. Here, the Court conducted

an *in camera* review of the materials for which the Department claimed executive privilege and found that the documents contained mostly fact-based information. Thus, this factor also weighs in favor of disclosure.

As to the remaining factors, no criminal proceedings or intradepartmental disciplinary proceedings are pending as a result of the investigation, and no evidence exists that any future criminal proceedings or disciplinary proceeding would take place based on this incident. Moreover, Plaintiff's suit is clearly not frivolous. And the information sought — mostly factual — comes from the Department's investigation of those involved in the incident, was reported soon after the incident and could play an important role in Plaintiff developing her case. All of these remaining factors weigh in favor of disclosure.

## IV. CONCLUSION

After reviewing the materials at issue and balancing the factors set forth above, the Court finds that executive privilege does not apply. Therefore, the Court DENIES the Department's Motion to Quash Subpoenas *Duces Tecum* (ECF No. 38) and ORDERS the Department to produce the materials to Plaintiff's counsel not later than noon on July 16, 2014.[1]

Let the Clerk file this Order electronically, notify all counsel accordingly and provide a copy to United States District Judge Henry E. Hudson.

It is so ORDERED.

/s/
David J. Novak
United States Magistrate Judge

Richmond, Virginia
Dated: July 15, 2014

---

[1] The materials shall be produced to Plaintiff's counsel pursuant to a protective order that the parties shall draft. In the interim, Plaintiff's counsel many only disclose the contents of the materials to co-counsel, members of their litigation team, Plaintiff and her parents.

6